UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLOYD MCMURRAY, #585347,            )
                    Plaintiff,      )
                                    )   No. 1:20-cv-847
-v-                                 )
                                    )   Honorable Paul L. Maloney
UNKNOWN DUNNIGAN, et al.,           )
                    Defendant.      )
                                    )

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

Plaintiff Floyd McMurray, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a civil rights complaint alleging that defendants failed to protect him from assaults by other prisoners. Defendants Dunnigan, Martin, King, Wixson, Breedlove, Rockwell, Skipper, and Silvernail filed a motion for summary judgment for the failure to exhaust administrative grievances. (ECF No. 13.) The Magistrate Judge issued a report recommending that the Court grant Defendants' motion. (ECF No. 30 R&R.) Plaintiff filed objections. (ECF No. 34.) The Court will adopt the report and recommendation in part and will grant the motion as to all defendants except Defendants Rockwell and Breedlove.

I.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

## A. 337 Grievance

The Magistrate Judge accurately described the 337 grievance as complaining about three incidents: (1) being forced out of segregation on February 2, 2020; (2) being forced out of segregation at some point between February 2 and February 10; and (3) being forced out of segregation on February 15. (R&R at 9 PageID.197.) The Magistrate Judge also accurately noted that Plaintiff did not identify any person by name in the 337 grievance. (*Id.*) Plaintiff does not dispute this summary. MDOC rejected the 337 grievance at Step I because it "was unclear as to what the main issue is or who you are grieving. Grievances need to be clear and concise, as to who, what, when, where, why and how." (ECF No. 14-3 PageID.119.) Handwritten under the typed response, someone added "unclear what staff are involved in issue." (*Id.*) In his Step II appeal, Plaintiff wrote, in part, "on 2/15/20 C/O Rockwell and Sgt Breedlove forced me out of protective custody by threatening me with a ticket." (*Id.* PageID.116.) MDOC upheld the Step I rejection at Step II without addressing the information provided by Plaintiff in his Step II appeal. (*Id.* PageID.117.) Plaintiff then filed a Step III appeal again identifying C/O Rockwell and Sgt Breedlove as the two individuals who forced him out of protective custody on February 15. (*Id.* PageID.116.) And, MDOC at Step III again upheld the rejection without addressing the information Plaintiff provided at Step II and Step III. (*Id.* PageID.115.)

The Magistrate Judge concludes that Plaintiff failed to provide enough information in the Step I grievance and MDOC properly rejected the grievance through Step III on that basis. Plaintiff objects, pointing to the information he provided MDOC in his Step II and Step III appeals.

The Court agrees with Plaintiff, in part. When a grievance is rejected at Step I for failing to name the individual responsible, and the prisoner provides the specific information at Step II, a genuine issue of material fact exists as to whether the prisoner satisfied the "relatively minimal gatekeeping requirements" of the relevant prison policy. *Mattox v. Edelman*, 851 F.3d 583, 597 (6th Cir. 2017) (finding a genuine issue of material fact on a motion for summary judgment for failure to exhaust administrative remedies where the grievance complained about an unnamed individual and where the prisoner identified the unnamed individual at Step II of the grievance procedure); *see, e.g., Alexander v. Lee*, No. 2:16cv74, 2017 WL 4411812, at *4 (W.D. Mich. Apr. 19, 2017) (R&R concluding that the prisoner exhausted administrative remedies where he named the defendant at Step II) *adopted* 2017 WL 4348872 (W.D. Mich. Sept. 29, 2017) (Quist, J.). The Court concludes a genuine issue of material fact exists whether Plaintiff exhausted his administrative remedies through 337 grievance concerning Defendants Rockwell and Breedlove.

For all other defendants, the Court will overrule Plaintiff's objection. Plaintiff argues that he provided sufficient information in his grievance because there are only a limited number of people, the Security Classification Committee (SCC), who have the authority to release him from segregation. The initial grievance complained about three different incidents. And, Plaintiff alleged he was "forced out" of segregation, not that he was released

or reclassified. Plaintiff's vague language in the grievance was not sufficient to put MDOC on notice of who was responsible for the act. While Plaintiff clarified in Step II and III about the individuals responsible for the act on February 15, he did not provide any similar clarification for the prior events.[1]

The Court will adopt the Magistrate Judge's recommendation for failure to protect claim against Defendants Dunnigan, Martin, King, Wixson, and Skipper. The Magistrate Judge also recommends dismissing the claim against Defendant Doe for the failure to exhaust administrative remedies. (R&R at 9 PageID.197.) Plaintiff has not objected to that particular recommendation.

## B. 1328 Grievance

The 1328 grievance concerns Plaintiff's claim against Defendant Silvernail for failing to provide medical treatment on May 20, 2020. The Magistrate Judge summarizes the facts concerning that grievance and the appeals. (R&R at 10 PageID.198.) The Magistrate Judge concludes Defendants properly rejected the grievance because Plaintiff did not attempt to resolve issue with staff before filing the grievance. Plaintiff objects, incorporating by reference the arguments he raised in his response to the motion for summary judgment.

The Court overrules Plaintiff's objection. Plaintiff does not properly object by failing to specifically engage the findings of fact and conclusions of law in the R&R. *See Brown v. City of Grand Rapids, Michigan*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16,

---

[1] In addition, a prisoner is supposed to use difference grievance forms for each different issue or incident. Plaintiff properly narrowed the 337 grievance from three incidents to one incident through his Step II and Step III appeals.

2017) (unpublished order). Merely referencing a prior brief defeats the purpose of the R&R. *See Zimmerman v. Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

II.

For the reasons provided above, the Court **ADOPTS IN PART** the Report and Recommendation. (ECF No. 30.) The Court finds that Plaintiff failed to properly exhaust his administrative remedies for Defendants Dunnigan, Martin, King, Wixson, Doe, Skipper, and Silvernail. A genuine issue of material fact exists whether Plaintiff properly exhausted his administrative remedies for Defendants Rockwell and Breedlove. For Defendants Rockwell and Breedlove, the Court will **REJECT** the Report and Recommendation. Accordingly, the Court **GRANTS IN PART** Defendants' motion for summary judgment. 13) and dismisses without prejudice Plaintiff's claims against Defendants Dunnigan, Martin, King, Wixson, Doe, Skipper and Silvernail. Plaintiff's claims against Defendants Rockwell and Breedlove remain pending.

**IT IS SO ORDERED.**

Date:  January 12, 2022   /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge