UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FLOYD MCMURRAY, #585347, ) | |
| Plaintiff, ) | |
| ) | No. 1:20-cv-847 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| UNKNOWN DUNNIGAN, *et al.*, ) | |
| Defendants. ) | |
| ) | |

## ORDER REJECTING REPORT AND RECOMMENDATION

This matter comes before the Court on a report and recommendation (ECF No. 68). Plaintiff filed objections (ECF No. 73). The Court will reject the report and recommendation and will deny Defendants' motion for summary judgment (ECF No. 46).

Plaintiff McMurray, a prisoner under the control of the Michigan Department of Corrections, alleges that the defendants violated his rights under the Eighth Amendment. Several of his claims have already been resolved. Plaintiff's remaining claims are against Defendant Breedlove and Defendant Rockwell. Plaintiff contends the two defendants failed to protect him. More specifically, Plaintiff alleges that the two defendants ordered him to leave protective custody and the next day two prisoners assaulted Plaintiff.

Defendants filed a motion for summary judgment (ECF No. 46). The Magistrate Judge issued a report recommending the Court grant the motion (ECF No. 68). Plaintiff filed objections (ECF No. 73). After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Magistrate Judge examined the objective and the subjective components of a deliberate indifference Eighth Amendment claim. For the objective component, the Magistrate Judge concluded that a genuine issue of material fact existed. In particular, the Magistrate Judge found that the record contained sufficient evidence to conclude that, on February 15, 2020, Plaintiff was in protective custody, not administrative segregation (R&R at 7 PageID.381). As a result, "a reasonable jury could conclude that Plaintiff faced a serious risk of harm on that date" (*id.*). Defendants did not file any objection to the report and recommendation. The Court must accept these findings and conclusions.

The Magistrate Judge then found that the record did not support a genuine issue of material fact concerning the subjective component for Plaintiff's claim against the two defendants. The Magistrate Judge concluded that the record contained insufficient evidence to find that either defendant was actually aware that Plaintiff was in protective custody or of any risk to Plaintiff's safety.

Plaintiff objects. Plaintiff argues, among other things, that the Court can infer that the Defendants were aware of the threat to Plaintiff. The Court agrees. Because the Court must accept that Plaintiff was in protective custody, the Court can infer that Defendants were aware of a threat to Plaintiff's safety. A prisoner is placed in protective custody when the staff finds

that a general population prisoner may be in need of protection or the prisoner requests protection. MDOC Policy Directive 05.01.140 ¶ T.

Defendants' affidavits do not require a different result. Defendants submitted affidavits in which they attest that Plaintiff was in administrative segregation on February 15 (¶ 4) and that they released Plaintiff on that day because his ten-day disciplinary sentence for fighting had been completed (¶ 5) (ECF Nos. 47-5 and 47-5 PageID.299-300 and PageID.302-03). But, the Magistrate Judge found that the record contained enough evidence to create a genuine issue of material fact that on February 15, Plaintiff was in protective custody. For the purpose of this motion, the Court must view the evidence in the light most favorable to Plaintiff and accept the fact that on February 15 he was in protective custody. Therefore, the Court must reject the assertions in paragraph 4 of Defendants' affidavits. And, the Court must also reject the assertion in paragraph 5 of the affidavits. Because Plaintiff was in protective custody, Defendants could not release Plaintiff on February 15 because his ten-day disciplinary sentence had been completed. Notably, Defendants make no assertions about their knowledge or beliefs about Plaintiff's custodial situation. Defendants do not contend that they believed or understood that Plaintiff was in administrative segregation.

For these reasons, the Court **REJECTS** the Report and Recommendation (ECF No. 68) and **DENIES** Defendants' motion for summary judgment (ECF No. 46). **IT IS SO ORDERED.**

Date: December 14, 2022 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge